Signed and Filed: January 20, 2012

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                         ) Bankruptcy Case
                                                                ) No. 11-30696DM
AGONAFER SHIFERAW,                               )
                                                                )
                                   Debtor.              ) Chapter 11
_____)

MEMORANDUM DECISION ON APPLICATION FOR
INTERIM COMPENSATION BY FORMER ATTORNEY FOR DEBTOR

I. Introduction

     Before the court is the Final Application For Interim Compensation by Attorney for Debtor ("Application") filed by Debtor's former counsel, Kayla M. Grant, Esq. ("Grant"). Grant seeks allowance of fees for her services in the sum of $16,900.00, together with expenses of $1,289.97. Grant seeks to apply a credit in the amount of $6,139 previously paid to her and seeks interim allowance and payment of the balance of $12,050.97. Since Grant's services have been terminated by Debtor, the court treats the Application as a final application (see 11 U.S.C. § 330) despite its title.

     Debtor, through present counsel, has objected to the Application, requesting that the court defer ruling until the case has been concluded when the court can best determine the net value of Grant's services to the estate.

-1-

Unfortunately, the court is faced with a series of incomplete or inaccurate representations by an inexperienced attorney, incomplete time keeping, unauthorized disbursements, and, most importantly, a blatant misrepresentation of her client's position in connection with a prior application. While the court will accede to Debtor's request to defer consideration of the fees, it will do so only by imposing on Grant some requirements to improve her fundamental skills and to provide some assurance that her ethical lapses will not be repeated in the future.

II. Facts[1]

As the facts below demonstrate, at the outset of Grant's representation of Debtor she overstated her experience and competence to the court and to the Debtor, while knowing that she was not up to the task of taking on representation of a debtor who was operating a substantial business.

Debtor filed this case under chapter 13 on February 24, 2011, represented by other counsel. Approximately three weeks later, Grant filed a notice of substitution of counsel. Thereafter, on March 24, 2011, she filed an Amended Application To Employ Kayla M. Grant, Esq. signed by Debtor, but obviously drafted by Grant. The application states that Debtor selected Grant "for the reason that she has considerable experience in chapter 11 reorganizations." The application also recites that Grant was the attorney assigned to four other chapter 11 clients while she was an employee of another attorney. Two of those chapter 11 cases were before this court, McKae (Docket No. 09-33611) and Le Club,

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-2-

LLC (Docket No. 09-33681); the other two cases were Creative Tile & Marble, Inc. (Docket No. 09-71180) and 504 Broadway LLC (Docket No. 09-32638).

The application further indicates that "based on [Grant's] experience ... Applicant believes [she] is well qualified to represent its [sic] as debtor in possession in this proceeding." In the next paragraph, the application states that Grant will render services such as "preparing on behalf of [Debtor] as debtor in possession a disclosure statement, a plan of reorganization, and representing [Debtor] at any hearing to approve the disclosure statement and to confirm the plan of reorganization." Debtor states that he needs to employ Grant "because the [Debtor] is not sufficiently familiar with the rights and duties of debtor in possession as to be able to plan and conduct proceedings without the aid of competent counsel."

Sadly Grant dramatically overstated both her experience and her competence and ability to perform the enumerated services. First, while the court is unaware of how much time Grant herself worked in the McKae and Le Club cases, the clients in both cases expressed dissatisfaction with their counsel and the Le Club case was converted to chapter 7 prior to confirmation. The debtors in McKae, through new counsel, were able to have their chapter 11 case dismissed.

A review of the dockets of the other two cases shows that 504 Broadway, LLC, was converted to chapter 7 without a plan being confirmed; only Creative Tile, LLC confirmed a plan. The court cannot determine how much Grant herself was involved in the representation of that debtor, but her implication that these four

-3-

cases equipped her with adequate chapter 11 experience to handle this case is a serious misrepresentation to the Debtor and the court.

In responding to the Debtor's objection to her fees, Grant essentially concedes that the recital of her "considerable" experience in chapter 11 reorganizations was inaccurate. Instead, she admits that her "experience with chapter 11's is limited" and that she "never held [herself] out to Debtor as being capable of handling his entire case on [her] own and from the very beginning urged him to seek more experienced counsel to assist him with the problems he was having with Sequoia Mortgage and Trust Deed Investment." See Applicant's Response Debtor's Objection (Docket No. 112, p. 2:6-10).

Grant also suggests that she accepted a low retainer because Debtor indicated that he only needed individual chapter 11 protection when in fact he was doing business as Rasselas. Regardless of what Debtor originally told Grant, by March 30, 2011, when she prepared and filed his Schedules and his chapter 11 statement of current monthly income, Grant included the assets and monthly revenues of Rasselas. Grant's statement that she believed Rasselas to be a separate corporate entity is thus inconsistent with documents that she prepared and filed.

In the amended application to employ her, Grant recited that Debtor paid her a retainer of $4,235 "prior to the filing of this Chapter 11 petition in bankruptcy." This also appears to be a misstatement. While the invoices supporting the Application reflect a retainer being paid on March 10, 2011, the payment was made after the commencement of the chapter 13 case but admittedly

-4-

before conversion to chapter 11. The retainer is reflected in the invoices as $6,139, an amount that is consistent with the statement pursuant to Rule 2016(b) filed on March 30, 2011 (Docket No. 30): "Retainer $5,374 + $765 filing fee = $6,139." Thus, the amount actually paid to Grant as a retainer exceeds the amount shown in her amended employment application by nearly $2,000.

Finally, Grant initially filed an application for compensation on August 8, 2011, and set it for hearing on August 31, 2011. Trust Deed Investments, Inc. and Sequoia Mortgage Capital, Inc. opposed that application on August 26, 2011 (Docket Nos. 86 and 87) based upon their unwillingness to have cash collateral expended for Grant's fees. Grant then amended her application on September 12 (Docket No. 95) and included an electronically signed Declaration Of [Debtor] In Support Of Amended Interim Application For Compensation And Reimbursement Of Expenses.[2] That declaration recites that Debtor reviewed the amended application and had no objection to it.

Subsequently, when Debtor (through new counsel) denied having signed the original of that declaration, Grant was given an opportunity to produce the blue ink original. She did not produce it. She was also given an opportunity to examine Debtor about whether or not he indeed had signed the original in her office, or had indeed indicated the lack of objection to that application. Grant chose none of those options, leading the court to find that Grant had filed a false declaration containing a false signature. Whether the misleading electronic declaration was provided

---

[2] The signature block on the declaration contains a typeset "/s/Agonafer Shiferaw."

-5-

intentionally, or negligently, the court is appalled by such behavior by an officer of the court who held herself out to be experienced in chapter 11 matters.

Her conduct was also a direct violation of the court's Electronic Court Filing Procedures that require:

> **8. Signature and Verified Pleadings:** A Registered Participant who electronically files a document with the Court shall be deemed to have certified under penalty of perjury that he or she has personally reviewed the document,
>
>     * * *
>
> Each electronically filed document shall bear the typed name of the person purporting to have signed the document.
>
>     * * *
>
> A Registered Participant filing a Verified Pleading electronically shall insure that the electronic version conforms to the original, signed pleading/document. Each signature on the original, signed pleading/document shall be indicated on the electronically filed Verified Pleading with the typed name of the person purported to have signed the pleading/document. The electronic filing of a Verified Pleading constitutes a representation by the Registered Participant who files it that <u>the Registered Participant has in his or her possession at the time of filing the fully executed original, signed pleading/document</u>. (Emphasis added.)
>
> **9. Retention Requirements:** All originally executed pleadings/documents signed by someone other than the Registered Participant (e.g., Verified Pleadings), which are subsequently electronically filed with the Court, must be retained by the Registered Participant for five years after the case or adversary proceeding has been closed. The CM/ECF system provides notice of all case closings to Registered Participants. Upon request of the Court, the Registered Participant filer must provide to the Court the original, signed pleadings/documents for review.

On August 12, Grant withdrew her amended application and later filed the Application, which came on for hearing on December 21, 2011. Grant attempted to minimize the significance of the misrepresentation of her former client's support for the earlier application because that application had been withdrawn. In a

statement that is remarkable for its boldness and audacity, Grant writes "it perplexes [Grant] as to why a declaration filed in support of a previously withdrawn pleading is being scrutinized at this time." Applicant's Response to Debtor's Objection to Final Application for Compensation and to Judge Docket Order (Docket No. 112), p. 3:21-22. It perplexes the court that Grant is so naive.

Grant also has disclosed that during the time she was representing Debtor, she billed her client and paid herself from funds held in her trust account on the 25th day of March, April, May, June, July, August and September. Each of these payments was a transfer from Grant's trust account to Grant of property of the estate without prior court authorization of payment of interim compensation under 11 U.S.C. § 331.

III. <u>Discussion</u>

From the foregoing it is obvious that Grant was not qualified to take on this case and made serious misrepresentations of fact at the outset of her engagement and subsequently when she led the court to believe that her then client had approved of her previous fee application. Grant also lacks sufficient training, knowledge or experience to know when and how she is entitled to be paid for services to be rendered. Notwithstanding that criticism, some of her work has been of value to the Debtor although a large portion of it has not, as recognized by Grant in her Application wherein she has voluntarily eliminated charges for portions of her work in connection with the aborted efforts to promulgate a plan and disclosure statement.

Rather than deny her all compensation and order return of the improperly disbursed funds, the court will give Grant an

-7-

opportunity to educate herself about what is expected of a bankruptcy specialist, and what her ethical responsibilities are. But it will not do so at the present expense of the Debtor. Accordingly, the court will deny all fees sought in the Application other than the amounts impermissibly paid by Grant to herself from her trust account on an interim basis; that denial will be without prejudice to Grant reapplying after she has complied with the court's requirements set forth below.  The court will take no action at the present time on Grant's impermissible payments to herself from the trust account and it will defer to a later day whether to allow those payments and to allow any other amounts to be awarded to Grant under 11 U.S.C. § 330.

In the meantime, Grant is required, no later than June 30, 2012, to attend a recognized Continuing Legal Education program or programs on bankruptcy practice or some other aspect of substantive bankruptcy law consisting of at least sixteen hours of education, and also attend at least two hours of CLE pertaining to ethics and/or professionalism.  Grant should file and provide chamber's copy of the CLE certifications of attendance at such programs no later than July 13, 2012.

If Grant fails to comply (or obtain an order extending the deadline), counsel for Debtor may file a declaration confirming such failure and upload an order denying the net amount of $12,050.97, and may move for an order for Grant to disgorge the amounts improperly transferred from her trust account.

This Memorandum Decision is being issued too late for Grant to be able to attend Judge Jaroslovsky's presentation on January 23, 2012, at 4:00 P.M., in the Santa Rosa Bankruptcy Court

-8-

entitled "Avoiding Fatal Mistakes In Individual Chapter 11 Cases." If she is able to obtain and watch a DVD of that presentation, the court will accept her certification that she has done so as completion of two hours of the order CLE on bankruptcy matters.

IV. Conclusion

The court is concurrently issuing an order consistent with this Memorandum Decision.

**END OF MEMORANDUM DECISION**

```
1                        COURT SERVICE LIST
2  Kayla Grant, Esq.
   Law Office of Kayla Grant
3  214 Duboce Ave.
   San Francisco, CA 94103
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

Case: 11-30696    Doc# 119    Filed: 01/20/12    Entered: 01/23/12 14:18:00    Page 10 of 10